ST. LOUIS HAY & GRAIN CO. v. SOUTHERN RY. CO.

(Circuit Court, E. D. Illinois. June 25, 1906.)

CARRIERS—INTERSTATE RAILROAD—RECOVERY OF UNREASONABLE CHARGES PAID.

Defendant railroad company, on shipments of hay to southeastern points from East St. Louis, made a charge of two cents per 100 pounds above the rates charged from Ohio river points on all hay which was not unloaded into a warehouse at East St. Louis from the cars in which it was there received, whether such hay was consigned to that point or billed through to points of final destination, while on all hay so unloaded into a warehouse the additional charge was four cents. Plaintiff owned warehouses in East St. Louis from which it loaded and shipped hay to southeastern points over defendant's road and was required to pay thereon the four-cent charge. *Held*, on the evidence, that an additional charge of one cent per 100 pounds for hay loaded from warehouses would cover the difference in the expense to defendant, and the charge made was to the extent of the excess above that unjust and unreasonable, and that plaintiff was entitled to recover the amount of such excess charges paid.

Action to Recover Alleged Unreasonable Freight Charges Paid.

Forman & Whitnel and P. J. Farrell, for plaintiff.
C. B. Northrop and E. C. Kraemer, for defendant.

Special Findings of Fact and Final Judgment Thereon.

WRIGHT, District Judge. And now again come the parties to this suit, plaintiff and defendant, by their respective attorneys, and the court, having theretofore heard the argument of counsel for the respective parties and taken the cause under advisement and the court now being fully advised in the premises on consideration thereof, doth find that on the hearing of this cause before and by the Interstate Commerce Commission, the said Commission found in its report and opinion, in substance, the following facts:

(1) Large quantities of hay produced in territory east, north, and west of East St. Louis are consumed in southeastern territory, and much of it is carried through the East St. Louis gateway and passes over defendants' lines of railway from East St. Louis to points south of the Ohio river. With the exception of the Illinois Central, defendants' lines terminate at East St. Louis, and generally, also, lines of

149 F.—39

railway over which the hay is carried from said producing points to East St. Louis terminate at that point.

(2) For the transportation from East St. Louis to said southeastern points defendants apply a proportional rate, which is two cents per 100 pounds greater than the rate to said southeastern points from the Ohio river, if the hay is not unloaded at a warehouse in East St. Louis, regardless of whether or not the hay is shipped locally to East St. Louis or through billed from the point of origin to the point of final destination, and regardless of provisions in their tariffs concerning through billing; but, if the hay is unloaded at a warehouse in East St. Louis, defendants exact for the transportation thereof from East St. Louis to said southeastern points a rate which is four cents per 100 pounds greater than the rate from the Ohio river to said southeastern points.

(3) Complainant operates two warehouses at East St. Louis, and most of the hay it handles it purchases on the track at East St. Louis, unloads, inspects, assorts, and reloads at said warehouses, and sells at said southeastern points, in competition with other hay dealers who do not unload the hay at East St. Louis. In such competition complainant, therefore, is prejudiced to the extent of two cents per 100 pounds by defendants' method of applying rates of transportation as aforesaid. Defendants claim this two-cent difference in rates is justified by difference in cost to them between the two kinds of transportation services they are called upon to perform.

(4) At East St. Louis transfers of loaded cars from the northern to the southern lines and transfers of empty cars from the southern to the northern lines are generally made by a connecting railroad company, and the charge made by that company for such service is $4 per car when the hay is unloaded as aforesaid, but only $2 per car when the hay is not so unloaded, and in each instance this charge is paid by the carrier which hauls the hay south from East St. Louis.

(5) When the hay is unloaded as aforesaid an empty car must be furnished for the shipment by the carrier which hauls the hay south from East St. Louis, and the service of so furnishing is fairly worth from 40 to 60 cents per car.

(6) This car is in use from two to three days longer when the hay is unloaded as aforesaid than when it is not so unloaded, and a fair compensation for such use is 20 cents per day.

(7) When hay is unloaded and reloaded at warehouses as aforesaid the time consumed in doing the work averages from six to eight hours, but the expense of such unloading and reloading is borne entirely by the shipper.

(8) Shipments of hay to which the rate of two cents per 100 pounds above the rate from the Ohio river is applied as aforesaid, and which are not unloaded at East St. Louis warehouses, are frequently transferred from one car to another in the railroad yards at East St. Louis, either because cars in which the hay is shipped to East St. Louis from the north are out of repair, or because the northern lines are not willing to allow their cars to go south from East St. Louis. The expense of such transfer is from $1.25 to $1.50 per car, and this expense is

entirely borne by the carrier which hauls the hay south from East St. Louis.

(9) The transfer charge of $4 per car above mentioned was formerly $3 per car, and the transfer charge of $2 per car above mentioned was formerly $1.50 per car.

(10) The weight of hay in cars shipped as aforesaid from East St. Louis to southeastern points is from 1,000 to 2,000 pounds greater when the hay is reloaded at East St. Louis warehouses than when it is not so reloaded. This is an advantage in favor of the reconsigned hay.

(11) Cars from the north, after being unloaded at warehouses as aforesaid, are frequently reloaded for the south; thus avoiding expense to the southern line of placing an empty car and subtracting perhaps a day from the additional time of the car service.

(12) That, taking everything into account, the average additional expense to the southern lines in case of reconsigned hay will not exceed that of direct through shipments by more than from $2 to $2.50 per car, which is equivalent on the average loading of hay to about one cent per 100 pounds.

(13) Much of the hay which actually passes through East St. Louis might reach its southern destination via other gateways. Hay grown in different sections also competes via these other gateways in the South with that which does or might pass through East St. Louis. These gateways are Cincinnati, Louisville, Evansville, Cairo, Memphis, Nashville, and perhaps others. The testimony showed that at all these points hay could be stopped off, unloaded, and treated as the complainant handles its hay at East St. Louis, without the imposition of any charge in addition to the through rate. The testimony showed that these markets all competed with East St. Louis, but the force of that competition did not appear.

(14) That complainant actually paid to the Southern Railway Company on reconsigned shipments of hay, at the rate of two cents per 100 pounds, the difference between the reconsigning rate and the rate on hay not reconsigned, the sum of $3,144.17.

And from all the evidence heard and adduced on the trial of this cause in this court the court finds that the said finding of fact by the said Interstate Commerce Commission are supported and justified by the said evidence, and it is ordered that the said findings of fact as above recited and set out be, and the same are, adopted as the special findings of fact of the court, and that the same be set out in the records of this court accordingly.

It is therefore considered, ordered, and adjudged by the court that the plaintiff herein have and recover of the defendant herein the sum of $1,659.41; the same being the amount of reparation awarded by the said Commission to the plaintiff against the defendant, with 5 per cent. interest from the date of said award, and it is further ordered and adjudged by the court that the plaintiff have and recover of the defendant its costs herein to be taxed, including a reasonable attorney's fee to be hereafter fixed, and that execution issue against the defendant for the amounts of the said judgment and the said costs.

It is further ordered that the defendant have 60 days from this date in which to present a bill of exceptions, if it shall be so advised.